UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS JACKSON,

|  |  |  |
|---|---|---|
| | Plaintiff, | Civil Action No.: 16-12917 |
| | | Honorable Terrence G. Berg |
| v. | | Magistrate Judge Elizabeth A. Stafford |

J. KLINE, *et al.*,

Defendants.

_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATIONS FOR DEFAULT JUDGMENT [R. 16]

Plaintiff Curtis Jackson, proceeding *pro se*, has filed his complaint

under 42 U.S.C. § 1983 against J. Kline and A. Holman.  [R. 1].  The

Honorable Terrence G. Berg referred the case to this Court to resolve all

pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).  Before the

Court is Jackson's motion for default judgment as to Kline and Holman for

"failure to plead or otherwise submit an answer to plaintiff's civil complaint."

[R. 16, PgID 76].  This motion lacks merit.

The usual procedural rules for answering complaints do not apply in

Section 1983 actions.  *Jones v. Bock*, 549 U.S. 199, 200 (2007).

Specifically, pursuant to 42 U.S.C. § 1997e(g)(1), a defendant may waive

the right to reply to an action brought by a prisoner under § 1983, and such

waiver does not constitute an admission of the allegations pleaded in the

complaint.  In such cases "[n]o relief shall be granted to the plaintiff unless

a reply has been filed" by the defendant.  § 1997e(g)(1).  Therefore, the

Court **RECOMMENDS DENYING** Jackson's motion for default judgment

[R. 16].


Dated: November 23, 2016          s/Elizabeth A. Stafford
Detroit, Michigan                 ELIZABETH A. STAFFORD
                                  United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and

Recommendation, but must act within fourteen days of service of a copy

hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P.

72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation.  *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection

must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

2

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 23, 2016.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
